IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AARON WYSINGER, | **Nos. C 12-03679 RS** |
| Petitioner, | |
| v. | **ORDER DENYING PETITION FOR HABEAS CORPUS** |
| KEVIN CHAPPEL, Warden, San Quentin State Prison | |
| Respondent. | |

## I. INTRODUCTION

This is a federal habeas corpus action filed by represented state prisoner Aaron Wysinger pursuant to 28 U.S.C. § 2254. Petitioner alleges (1) his due process rights were violated, as his plea was not knowing and voluntary, and (2) his right to effective assistance of counsel was compromised when his attorney changed course immediately prior to trial stating that, without additional funds, he would not represent petitioner going forward. As a result of these alleged violations, petitioner argues he wrongly entered a plea of no contest to two counts of vandalism and

1

admitted to a great bodily injury enhancement and prison prior, and has been prejudiced as a result. For the following reasons, the petition will be denied.

## II. BACKGROUND[1]

On December 10, 2008, petitioner was charged by felony complaint in the Superior Court of California, Alameda County with violating Penal Code sections 273.5(a), corporal injury to a spouse or cohabitant; 594(a), vandalism; 245(a)(2), assault with a firearm; 12021(a)(1), felon in possession of a firearm, and a number of enhancement allegations. On September 28, 2008, petitioner was charged by felony complaint in Alameda County with violating Penal Code sections 422, criminal threats; 646.9(b), stalking, and a number of enhancement provisions in connection with a separate incident. Petitioner's preliminary hearing was held on July 13 and 14, 2009, at which the prosecution presented a number of witnesses who testified as to the different incidents upon which the charges were based. The incidents pertained to crimes allegedly committed by petitioner against Tina Bryson and Lakisha Mitchell, and a shooting in which petitioner allegedly shot into an inhabited dwelling in Hayward, California. The accounts provided by the witnesses differed, and a number of inconsistencies were elicited by defense counsel during cross-examination. An information was filed on July 22, 2009 in each of the two criminal cases, which were subsequently consolidated.

Trial was scheduled for November 3, 2009. Petitioner states he told his attorney he wanted to go to trial rather than enter a plea because he was innocent of the charges against him. Petitioner's counsel allegedly told him that, so long as petitioner or his family could pay an additional $3,000 or $4,000 for further investigation, they had a good chance of winning at trial. On the day trial was to commence, a prosecution witness failed to appear in court and a bench warrant issued. The next day, before the case was called, petitioner's counsel allegedly told petitioner's brothers that he would need an additional $15,000 if petitioner wanted to go to trial. Otherwise, petitioner would have to enter a plea to the ten-year offer made by the district attorney. This offer represented a reduction from the initial offer of seventeen years. Petitioner's counsel then told

---

[1] Facts are taken from petitioner's habeas petition, respondent's answer, and supporting documentation.

petitioner they had little chance of winning at trial because they had no defense. Facing a possible sentence of forty-four years if convicted, and believing his counsel had abandoned him for trial, petitioner entered a plea of no contest.

Before entering his plea, the trial court explained each of the counts brought against petitioner to ensure he understood what he was facing should he go to trial. *See* Pet. Ex. C. When petitioner expressed hesitation to admit to various allegations, the court explained that petitioner was under no pressure to accept the plea offer, but that if he did not accept it, the case would proceed to trial. Specifically, the court stated, "Mr. Wysinger, you're certainly under no pressure from me to take the deal." Pet. Ex. C at 217. The court also made clear it would not approve any agreement below the ten-year term of imprisonment proposed. In response to petitioner's question, the court then clarified that a ten-year sentence would require serving at least eight and one-half years. The court then asked whether there had been other promises or threats made to petitioner in accepting the plea, or anything else said that wasn't already on the record, and petitioner responded in the negative. Petitioner confirmed he was entering his plea on a free and voluntary basis. Based on this colloquy, the trial court found petitioner understood his rights, made a knowing and intelligent waiver of those rights, and that his plea was free and voluntary. He was then sentenced to the agreed-upon term of ten years imprisonment.

On December 30, 2009, petitioner filed a timely Notice of Appeal, arguing that his right to bail had been violated, that he received ineffective assistance of counsel, and that the prosecutor engaged in vindictive prosecution and violated the plea agreement. The appellate court rejected the appeal. Petitioner then filed a petition for review in *pro per* in the California Supreme Court, which was denied. On July 8, 2011, petitioner filed a writ of habeas corpus in the Superior Court of California, Alameda County, alleging his plea was entered involuntarily. The writ was denied on the basis that petitioner did not diligently pursue his claim, and that even if he had done so, he failed to state a prima facie case for relief. The First District Court of Appeal denied his petition on the same grounds. On April 6, 2012, petitioner filed a petition for review in the California Supreme Court. Owing to recent Supreme Court decisions in *Lafler v. Cooper*, _ U.S. _, 132 S.Ct. 1376

(March 21, 2012) and *Missouri v. Frye*, _ U.S. _, 132 S. Ct. 1399 (March 21, 2012), petitioner additionally included in reply the allegation that his right to effective assistance of counsel had been violated.  The petition was denied on the merits.

## III. LEGAL STANDARD

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S .C. § 2254(a). The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless that adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams (Terry) v. Taylor*, 529 U.S. 362, 412–13 (2000).

"Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." *Id*. at 409.  An unreasonable application of federal law differs from an incorrect application of federal law.  *Harrington v. Richter*, 131 S. Ct. 770, 785 (2011).  Thus, habeas corpus is "not a substitute for ordinary error correction through appeal." *Id.* at 786.  Instead, the "highly deferential standard" imposed by the

4

statute, "demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002).

## IV. DISCUSSION

*A.  Voluntariness of Plea*

Petitioner asserts his plea of no contest was entered against his free will, as his counsel suddenly changed his opinion as to the strength of petitioner's defense, and indicated he was unwilling to represent petitioner further. Petitioner contends that the trial court's plea colloquy could not purge the plea of its involuntariness, given facts outside the court's knowledge. Petitioner has failed to meet his burden to show, however, that the California Superior Court, Court of Appeal, and Supreme Court acted unreasonably by concluding that petitioner's plea was entered into voluntarily.

In *Brady v. United States*, 397 U.S. 742, 755 (1970), the Court found that a guilty plea is valid unless induced by threats, misrepresentation, or improper promises. "Mere advice or strong urging by third parties to plead guilty based on the strength of the state's case does not constitute undue coercion." *Iaea v. Sunn*, 800 F.2d 861, 867 (9th Cir. 1986). In determining whether a plea is knowing and voluntary, "all of the relevant circumstances surrounding it" are considered. *Brady*, 397 U.S. at 749. "In any guilty-plea system, pricks, prods, and provocations – whether from a lawyer, a mother, a father, a friend or anyone else – will frequently steer a defendant's thoughts, in that sense 'coercing' pleas. But not every piece of advice or pressure from a private party amounts to *unconstitutional* coercion." *United States v. Wilson*, 922 F.2d 1336, 1341 (9th Cir. 1991) (emphasis in original) (requiring evidence that defendant would have insisted on proceeding to trial, but for counsel's errors).

Prior to accepting petitioner's plea, the trial court engaged in a lengthy plea colloquy with petitioner. Throughout the course of the hearing, petitioner asked several questions, indicating a willingness to communicate frankly with the court. Petitioner disavowed that anything had been communicated to him outside the record of the court. He never suggested he was unhappy with counsel, or that counsel had pressured him into entering the plea. In fact, the only complaint

5

ORDER DENYING HABEAS PETITION

petitioner expressed with the plea agreement was that he wanted a deal in which he would not have domestic violence on his record, so that he could continue to see his kids. Pet. Ex. C at 217. These statements made by petitioner, and the findings made by the trial judge in accepting the plea "constitute a formidable barrier in any subsequent collateral proceedings." *Blackridge v. Allison*, 431 U.S. 63, 74 (1977). Indeed, "[s]olemn declarations in open court carry a strong presumption of verity." *Id.*; *see also Womack v. Del Papa*, 497 F.3d 998, 1004 (9th Cir. 2007) ("[petitioner's] allegation is belied by his statements in open court and the contents of his signed plea agreement.").

Petitioner's statements in open court that he entered into his plea voluntarily must be given great deference. Petitioner has not provided evidence of improper coercion sufficient to overcome this presumption of verity. He points to his own self-serving declaration, as well as declarations from his brothers, but submits no statement from his prior counsel or any other disinterested witness. The record shows the trial court placed no pressure on petitioner's decision to enter into a plea. Moreover, the plea agreement appears to have been favorable to petitioner. Despite facing forty-four years imprisonment if convicted, petitioner's counsel negotiated a deal for ten years, a large reduction from the seventeen years initially offered, and as low a sentence as the trial court was willing to consider for the charges brought. It was not a clearly uninformed or erroneous decision to enter into the plea, rather than take the chance of going to trial. The trial court, and The California Supreme Court were not objectively unreasonable in its application of controlling federal law by determining that Wysinger's plea was voluntary. *See Doe v. Woodford*, 508 F.3d 563, 572 (9th Cir. 2007) (*citing Lockyer v. Andrade*, 538 U.S. 63, 123 (2003)).

   *B. Ineffective Assistance of Counsel*

Petitioner relies heavily on the recent Supreme Court decisions in *Missouri v. Frye* and *Lafler v. Cooper* in arguing his right to effective assistance of counsel was violated. In *Frye*, the petitioner alleged his counsel's failure to inform him of the prosecution's plea offer denied him effective assistance of counsel. __ U.S.__, 132 S.Ct. 1399, 1405 (2012). In that case, petitioner testified at an evidentiary hearing that he would have entered a guilty plea to a misdemeanor charge of driving with a revoked license, with a maximum term of imprisonment of one year. *Id.* at 1404-

05. Instead, the initial offer lapsed and petitioner pleaded guilty to a felony, and was sentenced to three years. *Id*. The Court noted the case was distinguishable from precedent, as the challenge was not to the quality of advice provided, but the extent of legal representation received prior to the entering of the plea. *Id.* at 1406. The Court concluded that defense counsel has a duty to communicate formal offers from the prosecution that may be favorable to the accused. *Id.* at 1408. After finding counsel to have been deficient, however, the Court proceeded to apply the *Strickland* test of prejudice, specifically requiring petitioner to show "a reasonable probability neither the prosecution nor the trial court would have prevented the offer from being accepted or implemented." *Id.* at 1409-10. In *Lafler*, the favorable plea deal was reported to the client but, on advice of counsel, was rejected. __ U.S. __, 132 S.Ct. 1376, 1383 (2012). All parties agreed the performance of counsel was deficient during the plea negotiation process. *Id.* at 1384. The Court rejected the proposition that a "fair trial wipes clean any deficient performance by defense counsel during plea bargaining" as such a position "ignores the reality that criminal justice today is for the most part a system of pleas, not a system of trials." *Id.* at 1388. The Court found, however, that by failing "to apply *Strickland* to assess the ineffective-assistance-of-counsel claim [petitioner] raised, the state court's adjudication was contrary to clearly established federal law." *Id*. at 1391. While not directly analogous to the posture of the present case, these recent decisions make clear that the *Strickland* test must be applied to an effective assistance of counsel claim, even when the alleged deficiency in representation occurs during plea bargaining. *See Strickland v. Washington*, 466 U.S. 668, 684 (1984). Under that test, a defendant has the burden of demonstrating that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. *Id*. at 687.

As to the first prong, the right to counsel guaranteed by the Sixth Amendment to the Constitution requires that the assistance to which a defendant is entitled is "effective." *Strickland*, 466 U.S. at 680. Ineffective assistance of counsel occurs when counsel's performance falls below an objective standard of reasonableness and the deficient performance affected the outcome. *Id*. at 688. The defendant must point to errors or omissions in the record that establish he did not receive adequate representation. *United States v. Birges*, 723 F.2d 666, 669 (9th Cir. 1983). There is a

7

"strong presumption that counsel's performance [fell] within the 'wide range of professional assistance.'" *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986) (quoting *Strickland*, 466 U.S. at 689). As to the second prong, a defendant must show that but for counsel's errors and omissions, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. A reasonable probability is sufficient to undermine confidence in the outcome. *Id.* The Supreme Court has expressed a preference for disposing of ineffective assistance claims on the ground of lack of sufficient prejudice. *Id.* at 697.

Respondent notes that petitioner has failed to exhaust state remedies for this claim, as it was not alleged in any of his state court habeas proceedings. Despite this procedural default, the claim may be denied on its merits for failure to show prejudice. If true that petitioner's counsel indicated he would not proceed to trial without an additional $15,000 from petitioner's family, counsel's behavior was unacceptable. If such a threat of extortion led to petitioner's plea of no contest, the legal representation preceding the entering of the plea was deficient. *See Frye*, 132 S. Ct. at 1406. Nevertheless, petitioner is unable to show he was prejudiced by such behavior.

Petitioner argues he was prejudiced because, had he not been under pressure to accept the plea agreement, he would have asserted his right to a jury trial. He points to the fact that witnesses offered varying accounts of the incidents from which his charges arose while testifying at his preliminary hearing, providing triable issues. These differing factual stories, however, are insufficient to support a finding of prejudice. The testimony of witnesses frequently differs in its details, and petitioner's counsel may have found that any such inconsistencies could not defend against the serious charges brought against petitioner. Indeed, petitioner points to no evidence suggesting he is actually innocent of the charges brought against him. Moreover, as discussed above, the plea into which petitioner entered was highly favorable to him, considering the possible sentence if he went to trial. Indeed, petitioner's counsel successfully reduced the deal offered from seventeen years to ten years. This may indeed have been the most favorable result petitioner could reasonably achieve. In this guilty-plea system, a counsel's strong encouragement that petitioner enter into a plea is not improper. *See e.g., Iaea*, 800 F.2d at 867; *Wilson*, 922 F.2d at 1341. While

8

the tactics used in so encouraging petitioner may have been improper, petitioner knowingly entered into a plea agreement that his counsel had negotiated in his favor. Such result cannot amount to prejudice. Petitioner's claim of ineffective assistance of counsel must therefore be denied on its merits.

## V. CONCLUSION

For the foregoing reasons, Wysinger's petition for §2254 habeas relief is hereby denied.

IT IS SO ORDERED.

Dated: 8/21/13

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE